# EXHIBIT A

Hearing Date: 12/27/2021 10:00 AM - 10:00 AM **12-Person Jury**
Courtroom Number: 2510
Location: District 1 Court
    Cook County, IL

FILED
8/26/2021 2:20 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04301

14593776

FILED DATE: 8/26/2021 2:20 PM 2021CH04301

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DENISE REMBERT, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) Case No. 2021CH04301 |
| v. | ) ) CLASS ACTION |
| AMERICAN CORADIUS INTERNATIONAL LLC, | ) ) ) JURY TRIAL DEMANDED |
| Defendant. | ) ) |

### CLASS ACTION COMPLAINT

Plaintiff Denise Rembert, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Illinois Consumer Fraud Act, 815 ILCS § 505 ("ICFA"), and alleges as follows:

### NATURE OF THE CASE

1.    The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.    In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

3.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.     To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq*.

7.     ICFA "is a regulatory and remedial statute intended to protect consumers, borrowers, and business persons against fraud, unfair methods of competition, and other unfair and deceptive business practices." *Robinson v. Toyota Motor Credit Corp.*, 201 Ill. 2d 403, 416-17 (2002).

8.     ICFA provides redress for conduct that is either deceptive or unfair. *Id.* at 417.

9.     ICFA "is to be liberally construed to effectuate its purpose." *Id.*

FILED DATE: 8/26/2021 2:20 PM  2021CH04301

10. Plaintiff seeks a remedy for unfair conduct by ACI in connection ACI's unlawful sharing of Plaintiff's private account information with a third party.

11. Plaintiff also seeks redress under Illinois common law regarding invasion of privacy for ACI's unlawful publication of Plaintiff's private account information to a third party.

## JURISDICTION AND VENUE

12. "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).

13. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

14. American Coradius International LLC collects debts from consumers in Illinois.

15. Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

16. Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

## PARTIES

12. Plaintiff is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent debt owed for a defaulted Truist Bank consumer credit account.

13. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

14. Defendant American Coradius International LLC ("ACI") is a Delaware limited liability company that does or transacts business in Illinois. Its registered agent is Legalinc Corporate Services Inc., located at 200 East Randolph Street, Suite 5100 38, Chicago, Illinois 60601.

15. ACI is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16. ACI regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

17. According to Defendant, Plaintiff incurred a debt originally owed for a Truist Bank consumer account (the "Account").

18. Plaintiff used the Account primarily for personal family, and household purchases.

19. The Account is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

20. The Account was not paid and subsequently went into default.

21. Thereafter, ACI began collection activity on the Account.

4

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

22.     On or about June 7, 2021, ACI mailed Plaintiff a collection letter (the "Letter") in an attempt to collect the Account from Plaintiff. (Exhibit A, Letter).

23.     The Letter conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and an account number.

24.     The Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

25.     Plaintiff read the letter.

26.     The Letter bears markings that are characteristic of ones generated by a letter vendor, including numbers and barcodes around the edges of the Letter.

27.     On information and belief, these markings are used to identify the letter template and client being serviced by the letter vendor.

28.     ACI caused a letter vender to send the Letter to Plaintiff.

29.     In order to have the letter vendor send Plaintiff the letter, Defendant had to furnish the vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's Account, and other personal information.

30.     The letter vendor then populated some or all of this information into a prewritten template, which was printed and mailed to Plaintiff on behalf of ACI.

31.     ACI's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third party with the objective being communication with the consumer and motivation of the consumer to pay the debt.

32.     Plaintiff did not consent to having her personal and confidential information, concerning the Account or otherwise, shared with anyone else.

33.     In limiting disclosures to third parties, the FCDPA states, at 15 U.S.C. §1692c(b):

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector…a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

34.     Section 1692b allows debt collectors to communicate with third parties only for the purpose of acquiring "location information" regarding the debtor, and then only if they do not state that the consumer owes any debt.

35.     The letter vendor used by ACI as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

36.     If a debt collector "conveys information regarding the debt to a third party informs the third party that the debt exists or provides information about the details of the debt, then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

37.     Plaintiff's privacy was invaded when ACI communicated with the third-party mailing vendor in connection with the collection of a debt. The mass mailer learned that Plaintiff owed a debt, to whom the debt was owed, the age of the debt, and the amount of the debt. The letter vendor also learned the address of the Plaintiff.

38.     The Letter was sent in an envelope with numbers and barcodes visible on the face of the envelope. (Ex. A).

39.     The FDCPA prohibits using an envelope that contains any language or symbols other than the debt collector's address or its business name.

40.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

6

FILED DATE: 8/26/2021 2:20 PM  2021CH04301

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. . . .

41.     Thus, the presence of numbers and barcodes visible on the envelope violated § 1692f(8).

42.     ACI used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained symbols other than its address or business name on the envelope.

43.     The inclusion of any language that is not ACI's business name or address violates § 1692f(8). *Preston v. Midland Credit Mgmt.*, 948 F.3d 772, 784 (7th Cir. 2020) (finding an FDCPA violation based on the inclusion of "TIME SENSITIVE DOCUMENT" on an envelope) (emphasis in the original).

44.     The U.S. Court of Appeals for the Seventh Circuit has confirmed what the statute already makes clear: no language or symbol other than the debt collector's name and address is permitted. Id. (finding no exception even for so-called "benign language" on an envelope).

## CLASS ALLEGATIONS

44.     Plaintiff brings this action individually and as a class on behalf of (1) all persons similarly situated in the State of Illinois (2) from whom Defendant attempted to collect a Truist Bank account (3) using a letter materially identical to that attached as Exhibit A to Plaintiff's Complaint (4) which ACI caused a letter vendor to send to consumers and (5) was sent in an envelope with numbers and bar codes visible on the face of the envelope, (6) sent between one

year prior to the filing of this Class Complaint up to the filing of this Class Action Complaint (the "Class").

45.     Plaintiff may alter the Class definition to conform to developments in the case and discovery.

46.     The proposed class meet all requirements under 735 ILCS 5/2-801.

47.     **Numerosity:** Upon information and believe, the Class is so numerous that joinder of all individual plaintiffs would be impracticable. The exact number of members of the Class are presently unknown and can only be ascertained through discovery because that information is exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40 Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form letter. Members of the Class can be easily identified through Defendant's records. Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

48.     **Commonality and Predominance:** Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

49.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent, and she intends to prosecute this action vigorously. Plaintiff has retained counsel competent and experienced in class action litigation. The interests of the Class will be fairly and

8

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

adequately protected by Plaintiff and her counsel and Plaintiff's claim is typical of the claims of the class members.

50.   **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

51.   Plaintiff re-alleges and incorporates the above paragraphs into this count.

52.   ACI violated §1692c(b) of the FDCPA by communicating with its letter vendor information about the debt in connection with the collection of that debt.

53.   ACI used an unfair practice to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692f(8), when it sent Plaintiff a collection letter that contained language other than its address on the envelope.

WHEREFORE, Plaintiff asks that the Court enter judgment in her favor and against Defendant as follows:

      A.   Certification of the proposed Class;

      B.   Designation of Plaintiff as representative of the proposed Class and

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

designation of Plaintiff's counsel as Class counsel;

C.     Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

D.     Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

E.     Such other or further relief as the court deems proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

54.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

55.     225 ILCS 425/9.2(b) of the Illinois Collection Agency Act (ICAA) provides as follows (emphasis added):

> Except as provided in Section 9.1 of this Act, without the prior consent of the debtor given directly to the collection agency, the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, **a collection agency may not communicate, in connection with the collection of any debt, with any person other than the debtor,** the debtor's attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the collection agency.

56.     Defendant communicated with a third-party mail vendor in violation of 225 ILCS 425/9 of the ICAA.

57.     The ICAA establishes a standard of conduct for debt collectors operating in Illinois, including Defendant.

58.     It is an unfair practice under the Illinois Consumer Fraud Act to violate statutory rules establishing a certain standard of conduct or in a way that offends public policy.

59.     An unfairness claim may also rest on violations of administrative directives that themselves do not permit private enforcement.

60.     A violation of the ICAA offends public policy and qualifies as "unfair" conduct prohibited under ICFA.

FILED DATE: 8/26/2021 2:20 PM 2021CH04301

61.     The foregoing conduct is part of a pattern and practice of behavior in which Defendant routinely engage as part of its business model. Its normal business practices are designed to disregard the law through an agreement to subvert the ICAA, ignore the rights of consumers to be free of such misconduct, and profit from unlawful collection action that give Defendant a competitive advantage.

62.     Defendant's practices offend public policy, have a direct consumer nexus, affect consumers as a whole, and violate the basic rights of Illinois consumers. These practices directly implicate consumer protection concerns because the conduct is designed to unlawfully extract money from consumers and causes substantial emotional and financial harm to consumers by subverting legal protections afforded to Illinois residents.

63.     Further, consumers rightfully expect that debt collectors will not violate state and federal laws and regulations that protect consumers in the collectors' efforts to extract money from consumers.

64.     These practices are immoral, unethical, oppressive, and unscrupulous, and demonstrate an industry-wide practice of maximizing profits by intimidating consumers, ignoring consumers' legal rights, and profiting from illegal debt collection activities.

65.     The conduct herein would equally violate the basic rights of any other consumer who has been subjected to these practices. Any consumer that has outstanding debts and who is subjected to a similar violation of her rights would suffer a similar injury. This action is necessary to curb and disincentivize such unlawful behavior for the benefit of all consumers who owe money and are facing collections.

66.     Plaintiff has suffered damages in that her personal information has been shared with a third party not in the banking and financial industry and without the security safeguards in

11

place typical of a company in the financial industry. Plaintiff is now exposed to a heightened risk that her information will be misused in the future.

67.    Debt collection services are activities of trade and commerce as those terms are defined in ICFA.

68.    Thus, Defendant was at all times relevant to this Complaint, and currently is, engaged in trade and commerce in the State of Illinois.

69.    The ICFA defines "consumer" as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e).

70.    Plaintiff is a "consumer" as that term is defined in the ICFA because Plaintiff contracted with Truist Bank for personal and household purposes. Defendant is the successor and assigned of Truist Bank, and thus has a consumer relationship with Plaintiff.

71.    Section 2 of the ICFA prohibits unfair or deceptive practices and states, in relevant part, as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of such material fact, or the use or employment of any practice described in section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/2.

72.    Defendant employed unfair methods of competition in violation of Section 2 of the ICFA by communicating Plaintiffs private information regarding a debt with a third-party mail vendor in direct contravention of the Illinois Collection Agency Act.

12

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

WHEREFORE, Plaintiff asks the Court enter an award in Plaintiff's favor and against

Defendant as follows:

      A.    Certification of the proposed Class;

      B.    Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

      C.    Compensatory and punitive damages;

      D.    Attorney's fees, litigation expenses and costs of suit; and

      E.    Such other or further relief as the court deems proper.

## COUNT III – INVASION OF PRIVACY

73.    Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

74.    Plaintiff's personal financial information, including the alleged indebtedness, is

private and sensitive. Defendant had a duty to keep the information confidential and private.

75.    Defendant disclosed the information to a third-party mass-mail vendor.

76.    The disclosure was a public disclosure of Plaintiff's private information.

77.    The disclosure of Plaintiff's personal information and indebtedness was highly

offensive to the reasonable person.

78.    The personal information is not a legitimate public concern.

79.    Plaintiff has suffered damages in that her personal information has been shared

with a third party not in the banking and financial industry and without the security safeguards in

place typical of a company in the financial industry. Plaintiff is now exposed to a heightened risk

that her information will be misused in the future.

WHEREFORE, Plaintiff asks the Court enter an award in Plaintiff's favor and against

Defendant as follows:

      A.    Certification of the proposed Class;

13

B.    Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.    Compensatory and punitive damages;

D.    Litigation expenses and costs of suit; and

E.    Such other or further relief as the court deems proper.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/*Daniel Brown*
      Daniel Brown

Daniel Brown (atty # 60359)
Main Street Attorney, LLC
PO Box 247
Chicago, IL 60690
P: (773) 453-7410
E: daniel@mainstreetattorney.com

Michael Wood
Celetha Chatman
Community Lawyers, LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

*Attorneys for Plaintiff*

FILED DATE: 8/26/2021 2:20 PM   2021CH04301

14