IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE REMBERT, on behalf of herself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 1:22-cv-01093 |
| v. ) ) | CLASS ACTION |
| ) ) | |
| AMERICAN CORADIUS, INTERNTIONAL, LLC ) ) ) ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION TO REMAND**

NOW COMES Denise Rembert, on behalf of herself and a putative class, by and through undersigned counsel, and submits this motion to remand this case back to state court for lack of federal jurisdiction, and respectfully states as follows in support:

1. On August 26, 2021, Plaintiff filed a lawsuit in Illinois state court (the "State Court Action") alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (the "FDCPA") against Defendant, American Coradius International, LLC ("Defendant"). [Docket No. 1].

2. The State Court Action was filed in the Circuit Court of Cook County, Illinois, County Department, Chancery Division. *See* [Docket No. 1].

3. Plaintiff did not allege facts relating to standing in the State Court Action. The complaint contains no allegations that Plaintiff suffered a concrete harm or appreciable risk of harm apart from the statutory violation itself, nor is there any factual support alleged in support of the same. *See* [Docket No. 1].

4. Plaintiff filed the action in state court after considering recent Seventh Circuit

1

decisions regarding standing in FDCPA cases. *See*, *e.g.*, *Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020); *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069 (7th Cir. 2020); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060 (7th Cir. 2020); *Nettles v. Midland Funding, LLC*, 983 F.3d 896 (7th Cir. 2020).

4. These decisions have changed the law regarding standing for claims under the FDCPA. Specifically, substantive FDCPA violations, standing alone, are no longer sufficient to confer standing on a plaintiff. The plaintiff must have suffered a specific injury beyond a violation of her statutory rights under the FDCPA.

5. Plaintiff has not alleged any facts regarding a specific injury beyond a violation of her statutory rights under the FDCPA.

6. On March 2, 2022, Defendant filed a Notice of Removal in the United States District Court for the Northern District of Illinois, Eastern Division. [Docket No. 1].

7. As the party invoking federal jurisdiction, Defendant must establish that all elements of jurisdiction—including Article III standing—existed at the time of removal. *See Lujan v. Def. of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("The party invoking federal jurisdiction bears the burden of establishing" Article III standing); *Tri-State Water Treatment, Inc., v. Bauer*, 845 F.3d 350, 352-53 (7th Cir. 2017) (cert. denied) ("the party seeking removal" must establish federal jurisdiction). *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018) ("As the party invoking federal jurisdiction, SP Plus had to establish that all elements of jurisdiction—including Article III standing—existed at the time of removal.").

8. Thus Defendant, and not Plaintiff, bears the burden of establishing standing. This is especially true as Plaintiff did not purport to allege actual damages or any other actual injury beyond the statutory violation, and does not do so now. See *Thornley v. Clearview AI, Inc.*, 984

F.3d 1241, 1248 (7th Cir. 2021) ("Our job is to decide whether Thornley and her co-plaintiffs have Article III standing to pursue the case they have presented in their complaint. We have concluded that they do not: they have described only a general, regulatory violation, not something that is particularized to them and concrete. It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court.").

9. As it is Defendant's contention that Article III standing exists, and not that of Plaintiff, Plaintiff respectfully submits that Defendants must present its basis for filing its Notice of Removal in connection with the State Court Action.

10. Defendant's Notice of Removal alleges no facts that could support Article III standing in this case. *See* [Docket No. 1].

11. As such, 28 U.S.C. § 1447(c) requires this Court to return this case to state court, as Defendants have not established a basis for Article III standing, and thus for federal jurisdiction.

WHEREFORE, for the reasons set for the above, Plaintiff does not have article III standing and therefore, respectfully requests that this Court remand this case to the Circuit Court of Cook County, Illinois, County Department, Chancery Division, for lack of Article III standing.

[signature block on following page]

Respectfully submitted,

By: Seth B. McCormick
Seth B. McCormick (6309643)
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
Telephone: (312) 971-6787
Attorney No. 6309643

Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Seth McCormick, hereby certify that on March 11, 2022, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

/s/ *Seth McCormick*
Seth McCormick

4