IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENISE REMBERT, ) | |
| ) | |
| Plaintiff, ) | Case No. 22 C 1093 |
| ) | |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| AMERICAN CORADIUS INTERNATIONAL, ) | |
| LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Denise Rembert, individually and on behalf other others similarly situated, sued defendant American Coradius International, LLC, in the Circuit Court of Cook County, Illinois, alleging that defendant violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692c(b) by sending her a dunning letter that was prepared by a "letter vendor," and which had a barcode visible on the envelope in violation of §1692f. The complaint also asserts state law claims for invasion of privacy and for violating the Illinois Collection Agency Act, 225 ILCS 425/9.2(b). Defendant removed the case to this court invoking original jurisdiction under 28 U.S.C. § 1331 based on the FDCPA claims. Plaintiff has moved to remand the case back to the state court arguing that she has not alleged Article III standing. Because plaintiff has not alleged that she suffered a concrete harm by defendant's actions, her motion to remand is granted.

## BACKGROUND

Defendant mailed plaintiff a collection letter on June 7, 2021. The letter conveyed various information about plaintiff's consumer account with Truist Bank. Defendant did not send the letter directly, but rather used a letter vendor to send the letter. Defendant sent the vendor plaintiff's name and address, plaintiff's status as a debtor, details of plaintiff's account, as well as

other personal information. Plaintiff alleges that because she did not give defendant consent, the disclosure of her personal information by defendant to the vendor violated § 1692c(b), which prohibits debt collectors from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector" without the consumer's prior consent. 15 U.S.C. § 1692c(b). Plaintiff also alleges that a barcode visible on the envelope violates § 1692f (8), which prohibits the use of unfair or unconscionable means to collect or attempt to collect a debt, including "[u]sing any language or symbol, other than the debt collector's address, on any envelope when communicating with the consumer by use of the mails . . .." Plaintiff has not alleged and does not seek actual damages for the alleged FDCPA violations.

## DISCUSSION

Removal of a state court action "is proper over any action that could have been originally filed in federal court. 28 U.S.C. § 1441; Tylka v, Gerber Products Company, 211 F.3d 445, 448 (7th Cir. 2000). The removing party has the burden of establishing the propriety of removal, and any doubt regarding jurisdiction should be resolved in favor of remand. Schur v. L.A. Weight Loss Ctrs., Inc. 577 F3d. 752, 758 (7th Cir. 2009).

Plaintiff argues that remand is merited because defendant has failed to demonstrate that plaintiff has Article III standing.[1] Article III standing has three elements: plaintiff must have 1) suffered an actual or imminent, concrete and particularized injury in fact; 2) a causal connection between the injury and the challenged conduct of the defendant; and 3) the likelihood the injury

---

[1] Article III does not apply to the states, and "state courts are not bound by the limitations of a case or controversy or other federal rules of justicibility." Protect our Parks, Inc. v. Chicago Park District, 971 F.3d 722, 731 (7th Cir. 2020).

will be redressed by a favorable judicial decision. Prairie Rivers Network v. Dynegy Midwest Generation, LLC, 2 F.4th 1002, 1007 (7th Cir. 2021); Spokeo, Inc. v. Robins, 578 U.S. 330, 338 (2016). Because defendant is the party invoking the court's jurisdiction, it, rather than plaintiff, bears the burden of establishing that plaintiff had Article III standing at the time of removal. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).

As the Supreme Court has recently reiterated, "Congress's creation of a statutory prohibition or obligation and a cause of action does not relieve courts of their responsibility to independently decide whether a plaintiff has suffered a concrete harm under Article III." TransUnion LLC v. Ramirez, ___ U.S. ___, 141 S. Ct. 2190, 2205 (2021). Thus, for purposes of Article III standing, "an important difference exists between (i) a plaintiff's statutory cause of action to sue a defendant over the defendant's violation of federal law, and (ii) a plaintiff's suffering concrete harm because of the defendant's violation of federal law." Id. Absent such concrete harm, there is no standing. Id. at 2200.

The resolution of the instant motion depends on whether plaintiff has alleged that she has suffered a concrete harm as a result of defendant's alleged violations of the FDCPA. Plaintiff argues that she has not alleged a concrete harm because she has not alleged and does not seek actual damages. A lack of actual damages, however, does not automatically equate to a lack of concrete harm for purposes of standing. See Flores v. Portfolio Recovery Assocs., 2017 WL 5891032, at *2 (N.D. Ill. Nov. 29, 2017) ("Spokeo did not hold that a plaintiff must suffer measurable financial harm in order to establish an injury in fact. To the contrary, the Supreme Court reiterated that difficult-to-measure intangible harms may be concrete injuries in fact.").

As TransUnion makes clear, courts must analyze "whether the alleged injury to the plaintiff has a close relationship to a harm traditionally recognized as providing a basis for a lawsuit in American courts." TransUnion, 141 S. Ct. at 2204 (internal quotations omitted). Plaintiff's §1692c(b) claim is that defendant violated the FDCPA by disclosing her personal information to the "letter vendor." The Seventh Circuit has not specifically addressed whether disclosure to a third-party provider of clerical services such as a "letter vendor" has "a close relationship" to a common law tort, and the lower courts within the circuit have divided on the issue. Compare Quaglia v. NS193, LLC, 2021 WL 7179621 (N.D. Ill. Oct. 12, 2021) and Nabozny v. Optio Solutions, LLC, 2022 WL 293092 (W.D. Feb. 1, 2022) (both cases finding no standing) with Liu v. Radius Global Solutions, LLC, 2021 WL 4167585 (N.D. Ill. Sept. 14, 2021) and Thomas v. Unifin, Inc., 2021 WL 3709184 (N.D. Ill. Aug. 210, 2021) (both cases determining that the standing requirements were satisfied.)

This court sides with the cases determining that standing is lacking. First, the cases that have found standing have done so based predominantly on the Eleventh Circuit's opinion in Hunstein v. Preferred Collection & Management Services, Inc., 994 F.3d 1341 (11th Cir. 2021), which concluded that disclosure of private information as prohibited by § 1692c(b) "bears a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." Id. at 1347. Hunstein was issued before the Supreme Court's opinion in TransUnion, however, has since been vacated pending rehearing en banc, and is currently of little persuasive value. This is particularly true, as Judge Kocoras noted in Quaglia, because in TransUnion,141 S. Ct. at 2210 n.6, the Court indicated its view of the mailing vendor theory:

4

> For the first time in this Court, the plaintiffs also argue that TransUnion "published" the class members" information internally—for example, to employees within TransUnion and to the vendors that printed and sent the mailings that the class members received. That new argument is forfeited. In any event, it is unavailing. Many American courts did not traditionally recognize intra-company disclosures as actionable publications for the purposes of the tort of defamation.

This statement is <u>dicta</u>, but it certainly "appears dispositive of the mailing vendor theory." <u>In re Mailing Vendor Cases</u>, 2021 WL 3160794 at*6 (E.D.N.Y. July 23, 2021). In a different context, the Seventh Circuit has also indicated its view of the mailing vendor theory, stating that the FDCPA "is not aimed at . . . companies that perform ministerial duties for debt collectors, such as stuffing and printing debt collector's letters." <u>White v. Goodman</u>, 200 F.3d 1016, 1019 (7th Cir. 2000) (concluding that joinder of a company that stuffed and mailed envelopes was frivolous).

Second, this court agrees with Judge Kocoras's analysis in <u>Quaglia</u>, 2021 WL 7179621 at *3:

> But it is difficult to imagine Congress intended for the FDCPA to extend so far as to prevent debt collectors from enlisting the assistance of mailing vendors to perform ministerial duties, such as printing and stuffing the debt collectors' letters, in effecting the task entrusted to them by the creditors—especially when so much of the process is presumably automated in this day and age. In the Court's view, such a scenario runs afoul of the FDCPA's intended purpose to prevent debt collectors from utilizing truly offensive means to collect a debt.

Consequently, the court concludes that plaintiff's complaint does not allege a concrete and particularized injury-in-fact sufficient to satisfy standing requirements of Article III for plaintiff's § 1962c(b) claim. For the same reasons, plaintiffs §1692f (8) claim also fails to allege a concrete injury, particularly because there is no allegation that the barcode visible on the envelop can be

5

scanned to reveal any personal information. As a result, plaintiff's motion to remand [Doc. 9] is granted.

## **CONCLUSION**

For the reasons described above, plaintiff's motion to remand [Doc. 9] is granted.

ENTER:

**Robert W. Gettleman
United States District Judge**

**DATE: April 25, 2022**